IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:20-cv-00177-BCW |
| vs. | ) ) ) | **JURY TRIAL DEMANDED** |
| JACOB RIEGER & CO., LLC, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION OF DEFENDANT'S
MOTION FOR SANCTIONS**

COMES NOW Plaintiff, Cincinnati Insurance Company, by and through its undersigned counsel, and for its Suggestions in Opposition of Defendant's Motion for Sanctions, states as follows:

## I. Introduction

Defendant served written discovery, including Interrogatories and Request for Production of Documents on Cincinnati on July 24, 2020. (DOC 27) Cincinnati responded to this written discovery. (See Defendant's **Exhibits 1 and 3**).

Defendant has never filed a Motion to Compel discovery in this case. The only Order issued by this Court concerning discovery was issued on January 17, 2021. (DOC 49) At that point, the Court merely ruled that the documents requested were limited to ten years, and no other Objections made by Cincinnati were ruled on. (DOC 49). Cincinnati then supplemented its Responses to Defendant's Request for Production of Documents and Answers to Interrogatories, responding that the information requested by Defendants did not exist. (See Defendant's **Exhibit 7**).

## II. Defendant has not demonstrated it is entitled to the documents requested.

Although Defendant has failed to file a Motion to Compel or any other briefing to the Court showing that it is entitled to the documents requested, Cincinnati will address this point. Defendant's Motion for Sanctions involves three Requests for Production of Documents ("RFP") and two Interrogatories ("ROG"):

- RFP 5: Defendant requests documents sufficient to show every instance where Cincinnati has filed a declaratory judgment action to determine its right and obligations under an insurance policy.

- RFP 8 and ROG 2: Requests "documents related to actions involving Cincinnati where Cincinnati took the position that declaratory actions are not covered by insurance."

- RFP 12: Requests document showing Cincinnati paying for litigation expenses that it was given notice of after the expenses were conferred.

- ROG 6: Request information on all cases where Cincinnati was a defendant in a bad faith claim.

It is Cincinnati's position that Defendant is not entitled to these documents and, even if they would be entitled to the documents, that the Federal Rules and case law prevent Defendant from forcing Cincinnati to create responsive documents. Thus, Cincinnati is not required to create documents to respond to Defendant's Requests and Interrogatories.

**A. The discovery Defendant seeks is not relevant or reasonably calculated to lead to the discovery of admissible evidence.**

It is generally recognized that the Federal Rule of Civil Procedure find that documents and information are discoverable if they are relevant and reasonably calculated to lead to the discovery

of admissible evidence. *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1992). However, "this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Id.*

Defendant is clearly engaged in a fishing expedition in this case. Defendant's only attempt at ever explaining to the Court why it is entitled to these documents is in their Motion for Sanctions, where it argues that it needs this information for its claim of vexatious refusal to pay to determine "how Cincinnati has construed the Policy in similar instances." Defendants provide no case law to show that this information is relevant or even related to this case. This is likely because there is zero case law to support this position.

In Missouri, it has long been held that the Court must examine the facts and the circumstances of a particular claim when considering whether a company has acted without reasonable cause or excuse and is therefore subject to penalties under the Vexatious Refusal to Pay statutes. *Morris v. J.C. Penney Life Ins. Co,* 895 S.W.2d 73 (Mo. App. W.D. 1995). A jury may find vexatious behavior by a general survey of the facts and circumstances **in connection with the case**. *DeWitt v. American Family Mut. Ins. Co.,* 667 S.W.2d 700 (Mo. banc 1984) (emphasis added). Evidence of a company's reputation is not an issue to be considered, but rather the company's conduct in refusing to pay the loss is what the court must examine in order to make its determination. *Zackwik v. Honover Fire Ins. Co.,* 225 S.W. 135 (Mo. App. 1920).

The Missouri Practice Series has also compiled an exhaustive list of evidence supporting both vexatious and non-vexatious behavior, <u>all</u> of which is case-specific and includes no references

to an insurers handling of prior claims or cases. 30 MOPRAC §5:25 and 30 MOPRAC §5:26, attached hereto for the Court's reference as **Exhibit A.**

**B. Defendant's attempt to force Cincinnati to complete an exhaustive audit and compile data and information that is irrelevant to the claims at issue is improper.**

However, even if the Court determines that Defendant would be entitled to this discovery, if it existed, Defendant is not required to do an extensive audit of the thousands of current and past claims and lawsuits, which would take hundreds or thousands of man hours, for evidence that is not even relevant to the issues at hand.

"Under Federal Rules of Civil Procedure regarding interrogatories, the party interrogated need only answer matters of fact within his knowledge, and interrogatories which merely seek to elicit opinions or *which require research and compilation of data and information* not readily known to the parties interrogated are improper." *Onofrio v. Am. Beauty Macaroni Co.*, 11 F.R.D. 181, 184 (W.D. Mo. 1951) (emphasis added).

"So, too, interrogatories are not to be used in an oppressive manner. An adverse party should not be required to perform burdensome labors or to execute difficult and expensive tasks, in searching for facts and classifying and compiling data. A litigant may not compel his adversary to go to work for him." *Id.* at 184.

Here, in its written discovery responses, Cincinnati has certified that the information and documents being requested by Defendant do not exist. As such, Cincinnati is under no obligation to undertake the overly burdensome task of auditing thousands of claims for the irrelevant information that Defendant seeks.

### III. Defendant has not demonstrated that any of the relief requested in its Motion to Strike are proper.

As demonstrated above and in Cincinnati's Motion to Strike, Defendant's requested sanctions in this case are improper, as Cincinnati has not failed to respond to its discovery requests, as Cincinnati cannot produce documents or information that do not. However, if the Court determines that additional responses are required from Cincinnati, it is Cincinnati's position that the requested sanctions would be improper.

Defendant requests that both Cincinnati's Complaint and Answer to Defendant Counterclaim be struck, that Cincinnati be "prohibited" from supporting its positions at trial, that Defendant be entitled to an adverse jury instruction at trial, and for its costs. None of these sanctions are proper in this matter.

Defendant clearly has not met the burden that would entitle it to a dismissal of Cincinnati's Complaint and Answer or an order preventing Cincinnati from presenting evidence in support of its position (an effective dismissal of its Complaint and Answer[1]). "The Supreme Court and this court have strongly indicated that the harsh remedies of dismissal and default should only be used when the 'failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner.'" *Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir. 1977). "Dismissal and entry of a default judgment should be the rare judicial act." *Id.* at 773.

"Although we typically review the imposition of discovery sanctions for abuse of discretion, such discretion 'narrows as the severity of the sanction or remedy [the district court]

---

[1] The only case cited by Defendant in support of its request that Cincinnati be prohibited from presenting evidence in support of its arguments, *Boogaerts v. Bank of Bradley*, also concerns dismissal of a claim, not a limitation of the presentation of evidence. 961 F.2d 765 (8th Cir. 1992).

elects increases.' The sanction of dismissal is among the harshest of sanctions, and '[t]here is a strong policy favoring a trial on the merits and against depriving a party of his day in court.'" *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (internal citations omitted).

Here, Cincinnati has in no way acted in bad faith by being unable to produce discovery to Defendant that does not exist. As no willfulness or bad faith can be shown, the harshest sanction sought by Defendant, dismissal of part or all of Cincinnati's pleadings, is clearly not appropriate in this matter.

Further, Defendant's request for an adverse jury instruction is inappropriate in this case. In the case cited by Defendant, the sanctioned party destroyed evidence before it could be inspected by the opposing counsel. *Dillon v. Nissan Motor Co., Ltd.,* 986 F.2d 263 (8th Cir. 1993). Obviously, the destruction of evidence, possibly purposefully to prevent the opposing side from inspection, is an egregious act not comparable from the inability to produce discovery that does not exist. Such a harsh and prejudicial sanction should only be considered in the most egregious circumstances, which are clearly not available here.

Finally, Defendant requests that its costs and fees be paid under FRCP 37(b)(2)(C). As rightly cited by Defendants, this Rule states:

> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless the failure was substantially justified* or other circumstances make an award of expenses unjust. FRCP 37(b)(2)(C).

Here, Cincinnati has more than made a showing that (a) there was no failure to respond to Defendant's discovery requests and (b) if there was a failure, it was substantially justified, as no

Order has been issued requiring Cincinnati to engage in the burdensome task of compiling data and creating irrelevant discovery to give to Defendant. As such, Cincinnati is not obligated to pay for Defendant's costs and fees associated with this improper Motion.

## IV. Conclusion

WHEREFORE, Plaintiff Cincinnati Insurance Company requests that this Court deny Defendant's Motion for Sanctions and for any further relief this Court deems just and proper.

**BROWN & JAMES, P.C.**


/s/ Kelsey L. McLean
David P. Bub, MO#44554
Kelsey L. McLean, MO#68250
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2000
314-421-3400 – Phone
314-421-3128 – Fax
dbub@bjpc.com
kmclean@bjpc.com
*Attorney for Cincinnati Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of May, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Bradley Wilders
Tanner Edwards
Stueve Siegel Hanson, LLP
460 Nichols Road, Ste. 200
Kansas City, MO 64112
*Attorneys for Defendant*
wilders@stuevesiegel.com
tanner@stuevesiegel.com

/s/ Kelsey L. McLean

25884202.1