IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-CV-00177-BCW ) |
| JACOB RIEGER & CO., LLC, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Jacob Rieger & Co., LLC's Motion for Sanctions (Doc. 71) and Plaintiff Cincinnati Insurance Company's Motion to Strike. (Doc. 73). The Court, being duly advised of the premises, grants in part and denies in part the Motion for Sanctions (Doc. 71) and denies the Motion to Strike. (Doc. 73).

## BACKGROUND

This matter is an insurance coverage dispute stemming from Cincinnati's denial of coverage to Rieger. The policy provides coverage for claims of liability against Rieger by third parties for certain "occurrences" resulting in "personal and advertising injury" as defined by the policy. (Doc. 4-1 at 72-73).

The instant motion relates to an ongoing discovery dispute amongst the parties. After parties met and conferred, Rieger requested a discovery conference with the Court pursuant to L.R. 37.1. On December 9, 2020, the Court held a discovery hearing and ordered the parties to proceed pursuant to their agreement.

Subsequently, Rieger requested another discovery conference pursuant to L.R. 37.1. On January 7, 2021, the Court held another discovery conference and ordered Cincinnati to produce

1

certain discovery sought by Rieger, and that the discovery to be produced should be limited to a ten-year duration. The Court also directed Cincinnati to supplement its responses to Rieger's discovery request by January 17, 2021. In violation of the Court's Order (Doc. 49), on February 12, 2021, Cincinnati made their supplemental production, asserting an inability to produce the requisite documents.

On February 18, 2021, the Court held another teleconference with the parties, where Cincinnati argued the restrictions implemented on the discovery request are overly burdensome and impossible to track. The Court found Cincinnati's argument was not timely asserted and agreed with Rieger that a motion for sanctions was appropriate for parties to brief the issue.

On April 21, 2021, Rieger filed the instant motion for sanctions seeking: (1) to strike Cincinnati's complaint and answer to Rieger's counterclaims; (2) to preclude Cincinnati from presenting evidence that it owed no coverage to Rieger; (3) an adverse inference jury instruction; and (4) reimbursement of the attorney's fees and expenses incurred in association with the Motion for Sanctions. (Doc. 71).

On June 10, 2021, the Court notified the parties, on the record, of its intent to grant summary judgment in Cincinnati's favor. Because Rieger's requests for relief in the sanctions motion are largely rendered moot by judgment in Cincinnati's favor, the Court considers only whether attorney's fees assessed against Cincinnati is an appropriate sanction under the circumstances.

**LEGAL STANDARD**

"[A] district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests." United States v. Big D Enter., Inc., 184 F.3d 924, 936 (8th Cir. 1999). "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action

is pending may issue further just orders." Fed. R. Civ. P. 37(B). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

**ANALYSIS**

Rieger asserts, under Fed. R. Civ. P. 37(b)(2)(C), the Court must assess attorney's fees against Cincinnati in briefing the sanctions motion and for fees incurred leading up to the motion for activities rendered necessary by Cincinnati's failure to produce required discovery as Ordered. Cincinnati opposes, arguing it has not failed to respond to Rieger's discovery requests. Because Rieger never filed a motion to compel discovery. Cincinnati argues, moreover, that the Court's Order (Doc. 49) "merely ruled that the documents requested were limited to ten years, and no other Objections made by Cincinnati were ruled on." (Doc. 74 at 1).

"Rule 37(b) authorizes sanctions for failure to comply with discovery orders." Comiskey v. JFTJ Corp., 989 F.2d 1007, 1011 (8th Cir. 1993) (citation omitted). "A party and its counsel 'may be held personally liable for expenses, including attorney's fees, caused by the failure to comply with discovery orders.'" Id.

Cincinnati's opposition omits the Court's Order language which reads, "parties shall each respond to the opposing party's discovery requests no later than January 17, 2021." (Doc. 49 at 2). The Court held three discovery teleconferences in this action, during which Cincinnati presented a slight variation of its argument in opposition to supplementation. The Court heard each argument of the parties and ultimately ordered the parties to supplement their discovery by January 17, 2021. There is no dispute Cincinnati did not supplement its discovery until February 12, 2021, seemingly in "total disregard" of the Court's Order. See Boogaerts v. Bank of Bradley, 961 F.2d 765, 768

3

(8th Cir. 1992); see also Gleghorn v. Melton, No. 05-3411, 2016 WL 2265880, at *2 (8th Cir. 2006) ("[Fed. R. Civ. P. 37(b)] authorizes the district court to impose sanctions upon parties who fail to comply with discovery orders, allowing the court 'to treat such failure as contempt of court, to require the payment of reasonable attorney fees.'").

Therefore, the Court finds Cincinnati in contempt of the Court and liable to Rieger for attorney's fees reasonably incurred in connection with the Motion for Sanctions (Doc. 71). Further, Cincinnati's Motion to Strike (Doc. 73) is denied. Accordingly, it is hereby

ORDERED Defendant's Motion for Sanctions (Doc. 71) is GRANTED to the extent it requests attorney's fees incurred; (1) in drafting the discovery letters for this discovery issue; (2) in the meet and confer process between the parties regarding this specific discovery dispute; and (3) fees associated with fully briefing the instant Motion for Sanctions (Doc. 71) and DENIED in all other respects. It is further

ORDERED Plaintiff submits to the Court its declaration of fees requested in the instant motion for the Court's review by July 2, 2021. It is further

ORDERED Plaintiff's Motion to Strike (Doc. 73) is DENIED.

IT IS SO ORDERED.

DATED: June 25, 2021 /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT