| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-CV-00177-BCW ) |
| JACOB RIEGER & CO., LLC, | ) ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff Cincinnati Insurance Company's Motion for Summary Judgment. (Doc. 60). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

This matter is an insurance coverage dispute stemming from Cincinnati's denial of insurance coverage to Rieger under a policy for insurance providing coverage for claims of liability against Rieger by third parties for certain "occurrences" resulting in "personal and advertising injury" as defined by the policy. (Doc. 4-1 at 72-73). The relevant portions of the policy state "[y]ou must see to it that we are notified as soon as practicable of an 'occurrence' or a 'personal and advertising injury' offense which may result in a claim . . . [i]f a claim is made or 'suit' is brought against any insured, you must . . . [n]otify us as soon as practicable." (Doc. 4-1 at 73).

On October 1, 2018, Domaine Serene Vineyards and Winery, Inc. ("Domaine") filed a complaint against Rieger in the United States District Court for the District of Oregon alleging trademark infringement and Rieger hired counsel to defend against Domaine's trademark claims. ("Oregon matter).

1

On March 4, 2019, 154 days after Domaine filed the complaint, Rieger filed a claim seeking coverage under the policy for the Oregon matter. Upon notice of suit, Cincinnati began investigating to determine coverage under the policy.

On March 20, 2019, the Magistrate Judge in the Oregon matter issued an Order granting Rieger's motion to dismiss for lack of personal jurisdiction. On April 8, 2019, the District Court adopted the Magistrate Judge's findings and the Oregon matter was dismissed.

On March 21, 2019, Cincinnati, through its representative Amy Wynkoop, held a coverage interview call with Rieger to assess whether the Oregon matter was covered under the policy. During this call, Rieger discussed its concerns regarding the potential for Domaine's pursuit of its trademark infringement claims and discussed possible strategies with the understanding that Cincinnati was still investigating to determine coverage. Rieger further indicated any delay in Cincinnati's coverage decision would impact Rieger's litigation strategy.

On April 4, 2019, before Cincinnati determined coverage under the policy for the Oregon matter, Rieger's parent company GSP Licensing LLC, filed a declaratory judgment action against Domaine in this Court. ("Missouri Action")[1]. On October 22, 2019, GSP Licensing LLC voluntarily dismissed their claims.

Subsequent to dismissal of the Missouri Action, Cincinnati completed its investigation and notified Rieger the policy covered attorneys' fees incurred in the Oregon matter from March 4, 2019 (the date of notice), through April 8, 2019 (the date of the District Court's dismissal). Thus, Cincinnati determined attorneys' fees incurred before the date Rieger provided notice of the Oregon matter were not covered under the policy. Additionally, Cincinnati denied coverage for the Missouri Action.

---

[1] Case No. 4:19-CV-00265-BCW

On March 9, 2020, Cincinnati filed the instant case for a declaratory judgment in this Court, seeking an interpretation of the policy, and costs and fees. (Doc. 1). On April 4, 2020, Cincinnati amended its complaint seeking declaratory judgment with respect to Cincinnati's rights and obligations to Rieger under the policy. (Doc. 4). Specifically, Cincinnati seeks declarations that: (1) no coverage exists under the policy for the Oregon matter before March 4, 2019, the date of notice; (2) no coverage exists under the policy for any costs and fees incurred by Rieger or GSP Licensing, LLC in the Missouri Action; (3) Cincinnati owes Rieger or GSP Licensing, LLC no duties under the policy related to the Missouri Action; and (4) Cincinnati owes Rieger no duties under the policy related to the instant action. In response to Cincinnati's amended complaint, Rieger filed an answer with the following counterclaims: (1) declaratory judgment that the policy covers costs and fees incurred for the entirety of both the Oregon matter and the Missouri Action; (2) breach of contract; (3) promissory estoppel / unjust enrichment; (4) fraud / fraudulent inducement; and (5) negligent misrepresentation. (Doc. 13).

On June 26, 2020, the Court granted in part Cincinnati's motion to dismiss Rieger's counterclaims for fraud and negligent misrepresentation such that Rieger's remaining counterclaims are: (2) breach of contract; (3) promissory estoppel / unjust enrichment.

On February 9, 2021, Cincinnati filed the instant motion seeking summary judgment on its claims for declaratory judgment. (Doc. 60). Specifically, Cincinnati argues there is no genuine issue if material fact and it is entitled to judgment as a matter of law as to the following: (1) Cincinnati owed no defense or indemnity to Rieger for fees incurred before Rieger notified it of the Oregon matter on March 4, 2019, such that no breach of the policy occurred; (2) Cincinnati owed no defense or indemnity to GSP Licensing, LLC in the Missouri Action; (3) Cincinnati owed no duty to defend or indemnify Rieger in any action subsequent to the Oregon matter because

3

Rieger was not legally obligated to pay damages, or otherwise involved in any suit seeking damages after dismissal of the Oregon suit; and (4) summary judgment on these points are dispositive of Rieger's remaining counterclaims. Rieger opposes, arguing the policy provides for coverage for the Oregon matter and the Missouri Action.

## LEGAL STANDARD

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden to establish that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

When considering a motion for summary judgment, the court evaluates the evidence in the light most favorable to the nonmoving party and the nonmoving party is entitled to "the benefit of all reasonable inferences." Mirax Chem. Prods. Corp. v. First Interstate Com. Corp., 950 F.2d 566, 569 (8th Cir. 1991); White v. McKinley, 519 F.3d 806, 813 (8th Cir. 2008).

## UNCONTROVERTED FACTS

On August 1, 2017, Cincinnati issued the policy to Rieger. GSP Licensing, LLC, is not a named insured under the policy. The policy was in effect from August 1, 2018, to August 1, 2019.

In March 2018, Rieger had been in contact with Domaine regarding a trademark issue. On October 1, 2018, after Domaine and Rieger were unable to resolve the trademark issue, Domaine filed the Oregon matter.

On March 4, 2019, Rieger gave notice to Cincinnati about the Oregon matter and requested Cincinnati provide a defense and coverage. On March 20, 2019, the Magistrate Judge in the Oregon

matter filed a Report and Recommendation recommending the district court grant Rieger's motion to dismiss for lack of personal jurisdiction.

On April 4, 2019, GSP Licensing, LLC filed the Missouri Action. Rieger was never named a party in the Missouri Action.

On April 8, 2019, the district court in the Oregon matter adopted the Magistrate Judge's findings. Rieger made a claim to Cincinnati for reimbursement of all attorney's fees associated with the Oregon matter and Missouri Action. On September 17, 2019, Cincinnati communicated its coverage decision to Rieger. On October 21, 2019, the Missouri Action was dismissed without prejudice.

## ANALYSIS

**A. Cincinnati owed no defense or indemnity to Rieger before the date of notice of the Oregon matter under the policy.**

Cincinnati has agreed to provide coverage for all fees incurred in the Oregon matter after the date of notice. Therefore, the dispositive issue is whether under the policy the uncontroverted facts demonstrate Cincinnati had no duty to Rieger for fees incurred in the Oregon matter before the date of notice.

"An insured's not giving timely notice to the insurer is an affirmative defense. This means that the insurer has the burden of proving that the insured did not comply with the policy's requirements concerning notice and that this prejudiced the insurer." Mountjoy v. Auto. Club Inter-Ins. Exch., 108 S.W.3d 710, 712 (Mo. Ct. App. 2003) (citation omitted). "Missouri has long placed the burden of showing prejudice on the insurer." Billings Mut. Ins. Co. v. Cameron Mut. Ins. Co., 229 S.W.3d 138, 148 (Mo. Ct. App. 2007) (citation omitted). Thus, Cincinnati must show both that Rieger did not comply with the policy's notice requirements and Cincinnati was prejudiced as a result.

5

Under the uncontroverted facts, there is no dispute Cincinnati is liable under the policy for fees incurred for the Oregon matter as of the date Rieger notified Cincinnati of the lawsuit. The Court must otherwise determine whether Cincinnati is also liable for fees incurred in the Oregon matter before Rieger notified Cincinnati of the Oregon matter.

Under the policy's requirements, the insured "must see to it that we are notified as soon as practicable of an 'occurrence' or a 'personal and advertising injury' offense which may result in a claim." (Doc. 1-1 at 72-73). Further, "[i]f a claim is made or 'suit' is brought against any insured, you must . . . [n]otify [Cincinnati] as soon as practicable." (Doc. 1-1 at 73).

Here, Rieger does not argue it provided timely notice to Cincinnati before March 4, 2019. However, Rieger argues even though it did not provide notice of the Oregon matter earlier in the pendency of litigation, Cincinnati is still liable under the policy from the date of filing of the Oregon matter to the date of notice, because Cincinnati cannot demonstrate it was prejudiced by Rieger's failure to provide notice until March 4, 2019.

"The prejudice requirement 'stems from the reluctance of Missouri courts to excuse an insurer from its contractual obligations because of an insured's breach of a policy provision that does not prejudice the insured.'" Id. "The presence or absence of prejudice is a fact-specific inquiry to be determined by the trier of fact." Id. Missouri case law "does not exactly reveal clear or consistent rules or applications . . . because the question of prejudice is such a fact-specific inquiry with many variables." Id. These variables include, "(1) the type of insurance involved . . .; (2) the type of the late notice . . . ; (3) the timing of the receipt of actual notice by the insurer . . . ; and (4) the relationship between the type of the late notice and the timing of the receipt of the actual notice." Id.

The parties argue <u>Billings</u> is instructive on the issue of whether the record shows Cincinnati was prejudiced by the late notice. Rieger argues Cincinnati cannot demonstrate prejudice under the circumstances presented here, whereas Cincinnati argues the uncontroverted facts demonstrate prejudice should be presumed.

<u>Billings</u> was an insurance policy coverage dispute between two insurance companies based on plaintiff's failure to timely notify defendant of suit. <u>Billings Mut. Ins. Co.</u>, 229 S.W.3d 138. The <u>Billings</u> court noted three theories Missouri courts may utilize to analyze prejudice in a late notice action. Specifically, the <u>Billings</u> court found Missouri Courts either apply "a presumption of prejudice whenever the failure to forward the suit papers by the insured is unexcused . . . [or transform] the prejudice issue from a question of fact into a question of law when all reasonable minds would agree that notice was not given within a reasonable time . . . [or] the burden [falls] upon the insurer to show evidence of actual prejudice resulting from the delayed notice." <u>Id.</u>

The court in <u>Billings</u> found the theory of the presumption of prejudice was supported by plaintiff's failure to forward suit papers to defendant noting, "[plaintiff] has offered no excuse for its failure to forward suit papers to [defendant]." <u>Id.</u> at 152. Further, the <u>Billings</u> court reasoned that Defendants exclusion from: (1) the investigation of the claim; (2) the settlement negotiations; (3) the selection of trial counsel; (4) the selection of expert witnesses; and (5) the selection of trial and appellate strategy, as factors to justify the presumption of prejudice.

The uncontroverted facts establish since March of 2018 Rieger had been in contact with Domaine regarding a trademark issue, thus triggering the policy's provision of an "'occurrence'. . . which may result in a claim." (Doc. 4-1 at 73). Additionally, the Oregon matter was filed on October 1, 2018, thus triggering the policy's provision of notifying as soon as practicable of "a claim or suit" brought against an insured. Further, the uncontroverted facts establish Rieger gave

7

Cincinnati notice of the suit on March 4, 2019, a year after Rieger first began discussing the trademark issue with Domaine, asserting it found no need to give Cincinnati notice of the suit because it was meritless. Notwithstanding Rieger's belief, the policy provisions were triggered. Further, the uncontroverted facts establish on April 8, 2019, the district court adopted the Magistrate Judge's March 20, 2019, Report and Recommendation to dismiss the Oregon Action, 16 days after providing notice of the suit to Cincinnati. Similar to the plaintiff in Billings, Cincinnati was excluded from investigating the claim, settlement negotiations, if any, selection of trial counsel and strategy. Therefore, the Court finds "the insured . . . denied the insurer an opportunity to defend." Id. at 151. Consequently, Cincinnati "[was] generally . . . disadvantaged in its capacity to compromise and settle the claim. Such a disadvantage is difficult to prove, and it would be unjust to force the insurer to demonstrate prejudice in such a case." Id.

Thus, the Court finds Rieger's failure to notify inexcusable, giving rise to the presumption of prejudice, limiting Cincinnati's liability of indemnification to fees incurred after notice was given in the Oregon matter. Therefore, the Court finds no genuine issue of material fact exist and grants Cincinnati summary judgment on this point.

**B. Cincinnati has no duty to defend Rieger in connection with the Missouri Action under the policy.**

Cincinnati argues it is entitled to summary judgment because GSP Licensing, LLC, the party which filed the Missouri Action, is not an insured on the policy, thus Cincinnati has no responsibility to Rieger for the Missouri Action. Cincinnati further argues even if GSP Licensing, LLC was an insured, no genuine issue of material fact exists supporting Cincinnati has a duty to defend under the policy. In opposition, Rieger argues the identity of the named plaintiff in the Missouri Action is irrelevant and genuine issues of material fact exist surrounding whether Cincinnati has a duty to provide coverage for the Missouri Action.

"The general rules for interpretation of other contracts apply to insurance contracts as well. The key is whether the contract language is ambiguous or unambiguous." Todd v. Mo. United Sch. Inc. Council, 223 S.W.3d 156, 160 (Mo. 2007). "[T]he insured bears the burden of proving coverage under an insurance policy." Mendota Ins. Co. v. Lawson, 465 S.W.3d 898, 904 (Mo. Ct. App. 2015). However, "[i]n general, an insurance policy is a contract to afford protection to an insured and will be interpreted, if reasonably possible, to provide coverage." Mendota Ins. Co. v. Lawson, 456 S.W.3d 898, 904 (Mo. Ct. App. 2015) (citing Shiddell v. Bar Plan Mut., 385 S.W.3d 478, 483 (Mo. Ct. App. 2012)).

Under the uncontroverted facts GSP Licensing, LLC is not a named insured. The Court finds no ambiguity exists regarding the policy's named insured. Though Rieger asserts the policy should afford coverage for a party other than the named insured, such a construct "require[s] the insurance company to provide coverage for an entity other than the named insured [having] the effect of providing coverage where none existed under the policy's own terms. Young v. Ray Am., Inc., 673 S.W.2d 74, 80 (Mo. Ct. App. 1984). Cincinnati is entitled to summary judgment that the policy does not cover the Missouri Action because Rieger was not a party to that case.

### C. Cincinnati's Motion for Summary Judgment on Rieger's counterclaims for breach of contract, promissory estoppel and unjust enrichment are granted.

The Court's findings that Cincinnati owed no duty to defend in the Oregon action, before notice of suit, and no duty to defend in the Missouri Action, are dispositive of Rieger's counterclaims. Because Rieger's counterclaims require the Court to find coverage under the policy for the entirety of the Oregon matter and for the Missouri Action, and because such conclusions are undermined by the Court's findings above, Cincinnati is entitled to summary judgment on each of the remaining counterclaims. Accordingly, it is hereby

ORDERED Plaintiff's Motion for Summary Judgment (Doc. 50) is GRANTED. It is further

ORDERED Defendant's counterclaims are dismissed.

IT IS SO ORDERED.

DATED: <u>June 25, 2021</u>　　　　　　　　　　　<u>/s/ Brian C. Wimes　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　JUDGE BRIAN C. WIMES
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT